

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00655-CV

Ivarene and Victor **HOSEK**,
Appellants

v.

Rosale **SCOTT**,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 13-06-0559-CVA
Honorable Fred Shannon, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Jason Pulliam, Justice

Delivered and Filed:  October 21, 2015

AFFIRMED

Rosale Scott and Ivarene and Victor Hosek are parties to a partition deed partitioning the surface estate of 338.54 acres of land between them. Scott and the Hoseks disagree about the interpretation of the deed as it relates to the minerals under the land. The Hoseks sued Scott, and the trial court granted a partial summary judgment in Scott's favor. Thereafter, the trial court held a hearing on the issue of attorney's fees and entered a final judgment incorporating the partial summary judgment and awarding attorney's fees to Scott. On appeal, the Hoseks contend the trial court erred in granting the partial summary judgment because the partition deed is ambiguous and

the minerals reverted to the owner of the surface estates of the land after the period lapsed during which a partition of the minerals was prohibited.  The Hoseks also contend the trial court abused its discretion in awarding Scott attorney's fees and Scott should not recover her costs on appeal for unnecessary documents she requested be included in the clerk's record.  We affirm the trial court's judgment.

## BACKGROUND

Fridolin Alex Voigt and Pearl Schnautz Voigt conveyed 338.54 acres of land to their children, Ivarene Voigt Hosek (and her husband Victor) and Rosale Voight Scott, in equal undivided shares.  The land consisted of two tracts: a 207.77 acre tract and a 130.77 acre tract.

Approximately one year later, in August of 1979, the Hoseks and Scott signed a partition deed to partition the land.  After the partition, the Hoseks owned the surface of the 207.77 acre tract with the exception of 38.5 acres which was owned by Scott.  In addition, Scott owned the surface of the 130.77 acre tract.  With regard to the minerals, the partition deed stated:

> This partition does not include any of the oil, gas and other minerals in, on or under the above described tracts of land, and same are to remain undivided for a period of twenty-five (25) years from date hereof and as long thereafter as oil, gas or other minerals are produced in paying quantities from the above described lands.

In October of 1979, Scott conveyed the 38.5 acre tract to the Hoseks subject to the reservation of all minerals reserved in the partition deed.  In 1986, Scott conveyed 60 of her acres in the 130.77 acre tract to a third party, subject to the reservation of an undivided one-half interest in the minerals referenced in the partition deed.  In 1990, Scott conveyed her remaining 70.77 acres to another third party subject to the reservation of the mineral interest retained in the partition deed.[1]

---

[1] The 1990 deed appears to be internally inconsistent.  In the conveyance language, the deed reserves an undivided one-half interest in the minerals for a period of twenty years unto Scott, her heirs, and assigns.  The deed then excepts

In 2013, the Hoseks filed the underlying lawsuit seeking a declaration that they own one hundred percent of the minerals underlying their surface estate. The petition alleged that the Hoseks were attempting to lease their acreage for oil and gas production, but Scott was claiming an interest in the minerals under their land.

Scott filed a motion for partial summary judgment, asserting the partition deed is unambiguous and severed the surface estate of the land from the mineral estate. Since the minerals were never subsequently partitioned after the twenty-five year restriction expired, Scott asserted she continues to own an undivided one-half interest in the minerals under the Hoseks' land. The Hoseks filed a response asserting a genuine issue of material fact existed as to the meaning of the partition deed. The Hoseks asserted the language in the partition deed "was intended that the undivided mineral interests revert to the surface owners after the expiration of 25 years and cessation of production." The Hoseks attached documentation to their response seeking to establish their interpretation "is the proper meaning of the" deed.

The trial court granted partial summary judgment in favor of Scott. The trial court's order states:

> IT IS THEREFORE ORDERED that partial summary judgment is **granted** in favor of Defendant ROSALE SCOTT and that: (1) the Partition Deed is unambiguous as a matter of law; (2) the Partition Deed partitioned the surface, but did not partition the minerals; (3) as to the minerals, the Hoseks and Scott agreed not only that they were not partitioned, but also that they would not partition them until the expiration of the stated time limits, and whether the minerals would ever be partitioned by the owners remained an open question and the Hoseks and Scott continued to own an undivided one-half of the minerals, each; and (4) that since there has been no subsequent partition of the minerals, Defendant ROSALE SCOTT therefore currently owns fifty percent (50%) of the minerals under the 169.27 acres of land, the surface of which was deeded to the Hoseks.

---

from the conveyance the entire mineral interest retained in the partition deed. We need not resolve this internal inconsistency because it does not affect the outcome of this appeal.

The parties' claim for attorney's fees was not resolved by the trial court's partial summary judgment. Accordingly, Scott subsequently filed a motion for an award of attorneys' fees, and the Hoseks filed a response. After a hearing on the issue, the trial court entered a final judgment awarding attorney's fees to Scott. The Hoseks appeal.

## STANDING

During oral argument, the Hoseks' attorney asserted for the first time on appeal that Scott lacks standing to pursue declaratory relief with regard to the partition deed because she previously conveyed all of her interest in the real property that is the subject of the partition deed. Standing is an element of subject matter jurisdiction that cannot be waived and can be raised at any time, including for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *Myer v. Cuevas*, 119 S.W.3d 830, 833 (Tex. App.—San Antonio 2003, no pet.). As a component of subject matter jurisdiction, we review standing de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

Here, the record contains the deeds pursuant to which Scott conveyed interests in the tracts of land she received in the partition. With regard to the 38.5 acre tract Scott conveyed to the Hoseks, the deed excepts from the conveyance all oil, gas and other minerals reserved in the partition deed. Similarly, the 1990 deed conveying the 70.77 acres excepted from the conveyance the entire mineral interest retained in the partition deed. Finally, the record contains no deed whereby Scott conveyed her undivided mineral interest under the tracts of land the Hoseks received in the partition. The Hoseks' standing argument that Scott was divested of these mineral interests is based on their assertion that the mineral interests reverted to the owners of surface estates at the end of the twenty-five year restricted period. The trial court, however, rejected this assertion. Because the record does not establish that Scott conveyed all of her interest in the property that is

the subject of the partition deed, we conclude Scott has a sufficient interest in the property to establish standing to seek declaratory relief regarding the partition deed.

### PARTITION DEED

In their first and second issues, the Hoseks assert the trial court erred in granting the partial summary judgment because the partition deed is ambiguous and a genuine issue of material fact exists regarding its interpretation. In their brief, the Hoseks contend, "there are two reasonable interpretations of the Partition Deed: one in which the minerals remain unpartitioned after the twenty-five years (thwarting the full effect of partition) and one in which the minerals revert to the respective surface owner[s] after the twenty-five years are up (giving full life to the partition document)." Scott responds the partition deed is unambiguous and the trial court correctly interpreted the deed. Scott contends "the only thing that reverted back after twenty-five years was the 'ability' to partition" because "[a]t the end of the twenty-five year period, the parties regained their ability to partition."

A.      Summary Judgment Standard of Review

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

B.      Contract Interpretation and Construction

"A deed is subject to the same rules of interpretation and construction as a contract." *Cooke v. Morrison*, 404 S.W.3d 100, 111 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered." *Columbia Gas*

*Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996); *see also Hausser v. Cuellar*, 345 S.W.3d 462, 467 (Tex. App.—San Antonio 2011, pet. denied). "A contract is not ambiguous if it can be given a definite or certain meaning as a matter of law." *Columbia Gas Transmission Corp.*, 940 S.W.2d at 589. "On the other hand, if the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous, which creates a fact issue on the parties intent." *Id.*; *see also Hausser*, 345 S.W.3d at 467. An ambiguity does not arise when the parties advance conflicting interpretations of a deed's language. *Columbia Gas Transmission Corp.*, 940 S.W.2d at 589; *Hausser*, 345 S.W.3d at 467. "For an ambiguity to exist, both interpretations must be *reasonable*." *Columbia Gas Transmission Corp.*, 940 S.W.2d at 589 (emphasis in original).

The construction of an unambiguous deed or contract is a question of law, which we review de novo. *Willis v. Donnelly*, 199 S.W.3d 262, 275 (Tex. 2006); *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). In conducting a de novo review, we exercise our own judgment and give no deference to the trial court's decision. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). Our primary duty when construing an unambiguous deed or contract is to ascertain the parties' true intent as expressed within the four corners of the deed or contract. *Luckel*, 819 S.W.2d at 461; *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). We consider the instrument as a whole, attempting to harmonize and give effect to all its provisions. *Luckel*, 819 S.W.2d at 462; *Coker*, 650 S.W.2d at 393.

Parol evidence is not admissible for the purpose of creating an ambiguity in a contract or to give a contract a meaning different from its language. *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 352 S.W.3d 445, 451 (Tex. 2011) (internal citations omitted). Only if a court determines a contract is ambiguous can the court consider the parties' interpretation and admit parol evidence regarding its meaning. *Id.*

C.    Analysis

It is undisputed that the partition deed precluded the parties from partitioning the minerals underlying the land for a period of twenty-five years.[2] The parties' disagreement arises over the ownership of the minerals at the conclusion of the twenty-five years.

The Hoseks contend that the minerals "reverted" to the surface owner at the end of the twenty-five year period. In order for this interpretation to be reasonable, the partition deed would have needed to provide the minerals would be partitioned and owned by the surface estate owner at the conclusion of the period. In this case, however, the partition deed expressly excluded the minerals from the partition, and the partition deed does not contain any language stating the minerals would be partitioned in a certain manner at the conclusion of the twenty-five year period. Accordingly, the Hoseks' interpretation would require this court to add language to the partition deed which this court is not permitted to do. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003) ("we may neither rewrite the parties' contract nor add to its language"). As a result, the Hoseks' interpretation is not reasonable.

Construing the partition deed as a whole, we conclude the partition deed can be given a definite and certain meaning as a matter of law and is, therefore, unambiguous. *See Columbia Gas Transmission Corp.*, 940 S.W.2d at 589. The parties' intent, as expressed in the four corners of the partition deed, was to restrict the partition of the minerals for the stated period of time. At the conclusion of that period, the restriction was lifted, and the parties had the unrestricted right to partition the minerals, or not. In this case, the parties did not partition the minerals after the end

---

[2] Although the production of the minerals would have extended this period, it is undisputed that the minerals were not produced during the twenty-five year restricted period.

of the twenty-five year restricted period. Accordingly, the trial court properly concluded the Hoseks and Scott each retained their undivided one-half interest in the minerals.[3]

## ATTORNEY'S FEES

In their third issue, the Hoseks contend the trial court abused its discretion in awarding attorney's fees to Scott because the award of attorney's fees was not just and equitable. The Hoseks assert both parties needed to have the Partition Deed interpreted; therefore, both parties "caused" the lawsuit, and neither party should be awarded attorney's fees.

"The Declaratory Judgments Act provides that in any proceeding under the Act 'the court may award costs and reasonable and necessary attorney's fees as are equitable and just.'" *Bocquet v. Herring*, 972 S.W.2d 19, 20 (1998) (quoting TEX. CIV. PRAC. & REM. CODE § 37.009). Whether fees are equitable and just are matters of law. *Id*. at 21. A trial court abuses its discretion in awarding fees that are inequitable and unjust. *Id*.

In her motion for award of attorney's fees, Scott requested the trial court to award: (1) $74,000.00 in attorney's fees through trial; (2) an additional $3,500.00 in attorney's fees in the event a motion for new trial was filed; and (3) conditional appellate attorney's fees of $30,000 for an appeal to the court of appeals, $15,000 if a petition for review was filed with the Texas Supreme Court, and $25,000 if the petition for review was filed and granted by the Texas Supreme Court and Scott prevailed. After a hearing on the issue of attorney's fees, the trial court issued findings of fact and conclusions of law. Although the trial court found the amounts requested by Scott were reasonable and necessary, the trial court concluded it was equitable and just to reduce the awards to: (1) $39,500.00 through the entry of judgment and setting of the supersedeas bond; (2) $2,500

---

[3] This appeal only presents the issue of the proper interpretation of the partition deed; therefore, we do not address the effect Scott's prior conveyances had on her ownership other than to note for purposes of standing that the record contains no deed evidencing a conveyance by Scott of the undivided mineral interest she owned under the land the Hoseks received in the partition.

in the event a motion for new trial was filed and Scott prevailed; and (3) conditional appellate attorney's fees of $12,500 for an appeal to the court of appeals, $3,500 for an appeal to the Texas Supreme Court, and $12,500 if the Texas Supreme Court granted a petition for review and Scott prevailed.

The Hoseks' only argument in support of their contention that the trial court's award is inequitable and unjust is that both parties needed the partition deed interpreted. As Scott notes in her brief, however, this argument would be true in every case in which parties disagreed on the interpretation of a deed, a contract, or any other document. Taking the argument to its logical extreme, a trial court would never have discretion to award attorney's fees in any declaratory judgment action in which the parties seek such an interpretation. Such a holding would, however, be contrary to the plain language of the statute which authorizes an award of attorney's fees "in any proceeding under the Act." *Bocquet*, 972 S.W.2d at 20. Therefore, the Hoseks' third issue is overruled.

## CLERK'S RECORD AND TAXATION OF COSTS

In their final issue, the Hoseks assert the trial court abused its discretion in "allowing the possibility of forcing [them] to pay the costs of . . . irrelevant documents which were included in the record at the demand of [Scott's] counsel merely to raise the cost of the appeal for the Hoseks." The trial court's order in regard to this issue required Scott to pay the cost of adding any documents to the clerk's record that were not designated by the Hoseks without prejudice to Scott to seek recovery of those costs on appeal. Accordingly, we construe the Hoseks' issue as a request that this court order the costs for the additional documents taxed against Scott.

Appellate courts have considerable discretion in taxing costs on appeal. *See Recognition Commc'ns, Inc. v. American Auto. Ass'n, Inc.*, 154 S.W.3d 878, 894 (Tex. App.—Dallas 2005, pet. denied). Although generally appellate costs are awarded to the prevailing party on appeal, the

court of appeals has the discretion to tax costs in another manner for good cause. Tex. R. App. P. 43.4. In addition, "[i]n a civil case, if a party requests that more items than necessary be included in the clerk's record or any supplement, the appellate court may — regardless of the appeal's outcome — require that party to pay the costs for the preparation of the unnecessary portion." *Id.* at 34.5(b)(3).

Before the clerk's record was prepared and filed in this appeal, Scott's attorney sent a letter to the trial court clerk designating additional documents for inclusion. *See* Tex. R. App. P. 34.5(b)(1) (allowing any party to file a written designation specifying items to be included in the clerk's record at any time before the clerk's record is prepared). The letter listed twenty documents to be included. The Hoseks filed objections to the designation of sixteen of these documents, thereby conceding four documents were properly requested.

As to six of the sixteen documents, the Hoseks asserted they already had requested those documents, thereby again conceding the six documents were "necessary" to include in the record. Since Scott filed her request for the inclusion of the documents before the clerk's record was filed, the trial court clerk should only have included one copy of those documents in the clerk's record. *See* Tex. R. App. P. 34.5(b)(1). As a result, no additional costs would be incurred for these documents.

An additional three documents requested by Scott related to a plea in abatement which Scott discusses in her brief; therefore, those documents were "necessary" to support Scott's discussion of the procedural history of the case.

Finally, the Hoseks' objected to six of the documents requested by Scott because those documents related to the supersedeas bond. While this appeal was pending, the parties filed motions regarding the amount of the supersedeas bond set by the trial court, and this court was

required to review the documents in question in reviewing the bond amount. Accordingly, those documents also were "necessary."

Because Scott did not request more items than necessary be included in the clerk's record, Scott is entitled to recover her costs on appeal.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice